UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEFEN RICE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Cause No. 2:10CV470-PPS |
| ) | Arising from 2:08CR2-PPS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On September 3, 2008, Stefen Rice pled guilty to three offenses charged in a multi-defendant fifteen-count indictment:

- Count 8, charging the armed bank robbery of the Citizen's Financial Services Bank in Munster, Indiana on November 9, 2007, in violation of 18 U.S.C. §2113(a) and (d);

- Count 9, charging the use of a firearm during and in relation to the November 9 Citizen's Bank robbery, in violation of 18 U.S.C. §924(c); and

- Count 15, charging the bank robbery of LaPorte Community Federal Credit Union in Michigan City, Indiana on March 25, 2008, in violation of 18 U.S.C. §2113(a).

Rice was later sentenced to 46 months' imprisonment on the two bank robbery counts, and a consecutive 84 months' imprisonment for the use of the firearm, for an aggregate prison term of 130 months. Rice has now filed a motion to correct his sentence under 28 U.S.C. §2255 [DE 327 in Cause No. 2:08CR2-PPS] and a later motion to amend [DE 335] seeking leave to add an additional ground for relief. After reviewing the petition, I ordered a response from the government. [DE 328].

Rice's §2255 motion asserts four claims of ineffective assistance of counsel. The first ground for relief is that Rice's trial counsel was ineffective for inducing Rice to plead guilty by telling him he would otherwise likely face a prison term of 35 years. The second ground alleges ineffective assistance for counsel's failure to "object to the 924(c) enhancement as requested." [DE 327, p.4.] In his third ground for relief, Rice contends that his trial counsel was ineffective because he failed to explain the appeal waiver provision in the plea agreement and later told Rice he would file a direct appeal to "challenge the enhancement pursuant to 924(c)" but failed to do so. *Id.* The fourth ground alleges that Rice's appellate counsel was ineffective because he "misadvised petitioner to withdraw his direct appeal" rather than followed the dictates of *Anders v. California*, 386 U.S. 738 (1967). After the government's response, Rice filed his motion seeking leave to add a fifth ground for relief, namely a claim of actual innocence of the charge under §924(c).

One of the terms of Rice's plea agreement is an express waiver of his right to file a §2255 motion. The waiver states:

> . . . I expressly waive my right to appeal or to contest my conviction and my sentence . . . to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 143, ¶7(f)]. At the change of plea hearing, the terms of the plea waiver were carefully explained to Rice and he acknowledged his understanding and agreement. Rice indicated he understood the impact of the waiver. The transcript of the hearing, which also involved a co-defendant named James, contains this colloquy:

> THE COURT: And so, let's say, Mr. James, we go to sentencing, and I do something that completely surprises you and makes you very unhappy. You know, ordinarily you could appeal that decision to a higher court. But under the terms of this plea agreement, you're expressly waiving, meaning you're giving up your right to do that....
>
> THE COURT: Mr, Rice, do you understand that?
>
> DEFENDANT RICE: Yes, sir.
>
> THE COURT: Now these waivers also include a waiver of your rights to later challenge these proceedings in what is known as a collateral attack on these proceedings.
>
> I'm going to give you an example of that because it's not easy to understand.
>
> When somebody is convicted of a crime, after they have exhausted their appeals, they have a right to come back to the court where they were convicted and try to get their conviction thrown out if they are able to demonstrate, for example, that they received ineffective assistance of counsel, that they got poor advice from their lawyers. That's a right that defendants have.
>
> You understand that, Mr. James?
>
> DEFENDANT JAMES: Yes, sir.
>
> THE COURT: Mr. Rice.
>
> DEFENDANT RICE: Yes, sir.
>
> THE COURT: But again, under the terms of these plea agreements, both of you are expressly waiving, meaning you're giving up your right to later challenge these proceedings on any grounds. And so, with few exceptions, once I sentence you two, this case is over. And you're not – nobody else is going to review it....
>
> THE COURT: Mr. Rice, do you understand that?
>
> DEFENDANT RICE: Yes, sir.
>
> THE COURT: All right. These are important rights that you're waiving. So, I want to ask both (sic) you....
>
> Mr. Rice, how about you, are you giving up your right to appeal and to collaterally attack these proceedings? Are you doing that knowingly and voluntarily?
>
> DEFENDANT RICE: Yes, sir.
>
> THE COURT: Is anybody forcing you to do it in any way, shape or form, Mr. Rice?
>
> DEFENDANT RICE: No, sir.

DE 277, pp. 21-23. The government invokes Rice's waiver in its response brief [DE 329], and Rice has filed no reply to the government's memorandum.

In entering his guilty plea, Rice expressly waived the right to contest his sentence "on any ground" by way of a §2255 motion, "unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation." [DE 143, ¶7(f)]. A waiver of the right to seek relief pursuant to §2255 in a written plea agreement is valid and enforceable absent a claim that the waiver was not knowing and voluntary or that counsel was ineffective in connection with the negotiation of the waiver itself. *See United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

Only one portion of Rice's five asserted grounds for relief could conceivably constitute a claim of ineffective assistance in connection with the waiver or its negotiation. This is ground three, in which Rice contends that his attorney failed to explain to him the waiver provision of the plea agreement. But as a claim of ineffective assistance of counsel, this allegation cannot entitle Rice to any relief. "To succeed on a claim of ineffective assistance, a prisoner must prove (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984)). Even assuming that Rice's attorney totally failed to counsel him about the waiver, and that doing so constitutes objectively unreasonable performance, the record conclusively establishes that Rice suffered no prejudice.

To meet the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Here the plea colloquy quoted at length above demonstrates that, whether or not the waiver provision was explained to

4

him by counsel, Rice was fully aware of and understood the waiver provision by the time he stood in front of the court and chose to enter his plea of guilty. Rice cannot now claim that he would not have pleaded guilty if the waiver provision had been explained to him, because it had in fact been reviewed with him in some detail during the hearing prior to the point at which he formally stated his intention to plead guilty to the three charges. *See*, *e.g., United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999) (counsel's deficient advice does not support §2255 relief where judge conveyed the correct information and advice at the plea hearing). The related ineffective assistance of counsel claim is without merit.

None of Rice's other grounds for relief relate to the waiver provision, and all of them were therefore waived when Rice knowingly and voluntarily entered into the plea agreement containing the waiver provision. This conclusion applies to the other ineffective assistance of counsel claims, and to the late-blooming actual innocence claim, which I will grant Rice leave to assert. Upon careful consideration of the record, including as necessary the underlying criminal file, I am convinced that the record of the case conclusively shows that movant is not entitled to relief on any of the five grounds he asserts.

ACCORDINGLY:

Stefen Rice's **motion for leave of court to amend §2255 motion [DE 335]** is GRANTED.

Stefen Rice's **motion pursuant to 28 U.S.C. §2255 [DE 327]** to vacate, set aside or correct sentence is **DENIED** and **DISMISSED WITH PREJUDICE.**

The Clerk shall enter final judgment accordingly.

**SO ORDERED**.

ENTERED: July 18, 2011

                                                s/ Philip P. Simon
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT