UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:08CR2-PPS |
| ) | |
| STEFEN RICE, ) | |
| ) | |
| Defendant. ) | |

# OPINION AND ORDER

On September 3, 2008, Stefen Rice pled guilty to two counts of bank robbery and one count charging the use of a firearm during and in relation to one of the bank robberies. [DE 141, 143]. Rice was later sentenced to an aggregate prison term of 130 months, to be followed by a three-year term of supervised release. [DE 247]. The judgment also imposes a restitution obligation in the amount of $28,514.00, which Rice owes jointly and severally with specified co-defendants. [DE 247, pp. 6-7]. The judgment has this to say about when and how the restitution is to be paid:

> The restitution shall be paid in full immediately. If the defendant is not able to pay this amount immediately, then restitution shall be paid at a minimum rate of $50.00 per month commencing 30 days after placement on supervision until said amount is paid in full.
>
> The defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

*Id.* at 7.

I have received a letter from Stefen Rice, writing from FCI Terre Haute, indicating that his prison account is being hard-hit by payments toward his restitution. Rice asks me to order that he does not need to make restitution payments until he gets out of prison. Such payments are provided for in the judgment, to begin 30 days after Rice is released from prison and starts his term of supervised release. Apparently, prison authorities are acting on the basis of the next sentence of the judgment, the provision for restitution payments being taken from prison wages in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program.

The authority of sentencing courts to amend a sentence previously imposed is very limited. But in this instance, I find two bases for modifying the judgment to delete the requirement of restitution payments being made from any prison wages via the IFRP. First, 18 U.S.C. §3664(k) authorizes a sentencing court to adjust a restitution payment schedule when the court is notified of a material change in a defendant's economic circumstances, "as the interests of justice require." Second, the judgment's inclusion of the requirement of payments from any prison wages pursuant to the IFRP was plain error, as explained in subsequent decisions of the Seventh Circuit Court of Appeals.

Federal inmates' participation in the Inmate Financial Responsibility Program is voluntary: "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010). The Seventh Circuit therefore found a judgment requiring participation to be erroneous:

> The court overstepped its bounds when it ordered [defendant] to participate in the IFRP. We conclude that this error was plain. That term of the judgment cannot be enforced as written, and the Bureau of Prisons cannot look to it as authority for compelling [defendant] to participate in the IFRP. [Defendant's] participation,

> like that of all imprisoned defendants, must remain voluntary, though subject to the loss of privileges identified in 28 C.F.R. §545.11(d).

*Id*. at 335. *See also United States v. Ramirez*, ___ F.3d ___, 2011 WL 2864417, *10 (7th Cir. July 20, 2011); *United States v. Munoz*, 510 F.3d 989, 997 (7th Cir. 2010). I now realize I erred in including the provision about wage payments under the IFRP in Rice's judgment. And on the strength of Rice's letter, I conclude that his limited financial resources while in prison do not reasonably support a requirement of monthly payments toward restitution while he is incarcerated.

      ACCORDINGLY:

Stefen Rice's letter filed August 31, 2011 is construed as a motion for modification of the restitution payment schedule [Doc. #358] and is GRANTED pursuant to 18 U.S.C. §3664(k). Stefen Rice is not required to make payments toward his restitution obligation while imprisoned, and minimum monthly payments are required to commence 30 days after his placement on supervision, as provided for in the Judgment dated February 12, 2009 [DE 247].

In addition to the copy to be served upon defendant Stefen Rice, the Clerk shall provide a copy of this order to the Warden of the Bureau of Prisons institution where Stefen Rice is currently incarcerated.

      **SO ORDERED**.

      ENTERED: September 12, 2011

                                              s/ Philip P. Simon
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT